**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| ASKAN HOLDINGS, LTD. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No.: 1:20-cv-01458-RJL |
| Plaintiff, | | |
| v. | | |
| UNITED STATES DEPARTMENT OF THE TREASURY, OFFICE OF FOREIGN ASSETS CONTROL, et al. | | |
| Defendants. | | |

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES
SUPPORTING MOTION FOR INJUNCTIVE RELIEF**

Teresa Taylor
(DC Bar No. 484655)
Joseph G. Cosby
(DC Bar No. 29677)
BUTZEL LONG, P.C.
1909 K Street, N.W., Suite 500
Washington, DC  20006
Tel:  (202) 454-2800
Fax: (202) 454-2805
taylortn@butzel.com
cosby@butzel.com

*Counsel to Askan Holdings, Ltd.*

# **TABLE OF CONTENTS**

                                                                                                                             Page

TABLE OF CONTENTS ............................................................................................................. i

TABLE OF AUTHORITIES ....................................................................................................... ii

ARGUMENT ................................................................................................................................ 3

I.  OFAC has Admitted Facts Establishing that It has Violated and Continues to Violate Askan's Rights under the Fifth Amendment and the APA .................................................. 3

    A.  OFAC is Continuing to Violate Askan's Rights under the Fifth Amendment. ...... 3

    B.  OFAC has Violated Askan's Rights under the APA. ............................................ 8

II. Askan Has Suffered Irreparable Harm. ............................................................................. 8

    A.  Askan Has Suffered Two Distinct Irreparable Injuries, a Constitutional Injury and a Threat to the Existence of Its Business. ....................................................... 8

    B.  There Are No Delays that Justify Ignoring the Irreparable Harm Askan has Suffered................................................................................................................ 10

III. There is No Adequate Remedy at Law. ........................................................................... 13

IV. The Equities and Public Interest Favor Askan................................................................. 13

CONCLUSION ........................................................................................................................... 15

# **TABLE OF AUTHORITIES**

Page

**Cases**

*Am. Petroleum Institute v. Environmental Protection Agency*,
  862 F.3d 50 (D.C. Cir. 2017) ................................................................................................ 8

*Dallas Safari Club v. Bernhardt*,
  F. Supp. 3d --, 2020 WL 1809181 (D.D.C. Apr. 9, 2020) ..................................................... 11

*Davis v. District of Columbia*,
  158 F.3d 1342, 1346 (D.C. Cir. 1998) ................................................................................ 2, 8

*Elrod v. Burns*,
  427 U.S. 347 (1976) (plurality opinion)) .............................................................................. 9

*Fund for Animals v. Frizzell*,
  530 F.2d 982 (D.C. Cir. 1975) .................................................................................. 10, 11, 12

*Joint Anti–Fascist Refugee Comm. v. McGrath,*
  341 U.S. 123 (1951) ............................................................................................................... 7

*KindHearts for Charitable Humanitarian Dev., Inc. v. Geithner*,
  647 F.Supp.2d 857 (N.D. Ohio 2009) .................................................................................... 7

*Mathews v. Eldridge*,
  424 U.S. 319 (1976) ....................................................................................................... 1, 5, 7

*Mills v. District of Columbia*,
  571 F.3d 1304 (D.C. Cir. 2009) ............................................................................................. 9

*Motor Vehicle Mfrs. Ass'n of United States, Inc. v. State Farm Mut. Auto. Ins. Co.*,
  463 U.S. 29 (1983) ................................................................................................................ 8

*Nat'l Council of Resistance of Iran v. Dep't of State*,
  251 F.3d 192 (D.C. Cir. 2001) ....................................................................................... 1, 5, 7

*Newdow v. Bush*,
  355 F. Supp. 2d 265 (D.D.C. 2005) ..................................................................................... 11

*Rafeedie v. I.N.S.*,
  880 F.2d 506 (D.C. Cir. 1989) ............................................................................................... 7

*Wis. Gas Co. v. Fed. Energy Regulatory Comm'n,*
  758 F.2d 669 (D.C. Cir. 1985) ............................................................................................. 10

*Simms v. District of Columbia* ............................................................................................... 9

*Texas Children's Hospital v. Burwell*,
   76 F.Supp.3d 224, (D.D.C. 2014) ...................................................................................... 12

**Statutes**

31 C.F.R. § 594.202(c) ............................................................................................................ 13

5 U.S.C. § 702 ......................................................................................................................... 13

5 U.S.C. § 706(2). ..................................................................................................................... 8

Federal Rules of Appellate Procedure 1(b)(2) ......................................................................... 6

**Rules**

LCvR 7(n) ............................................................................................................................ 5, 6

The government's brief in opposition to plaintiff Askan Holdings, Ltd.'s motion for injunctive relief admits facts that establish both that Askan is entitled to prevail on the merits of its claim and that it has suffered irreparable harm. The government's arguments also demonstrate that the public interest supports issuing the injunctive relief that Askan seeks. Since all of the elements necessary to issue an injunction are present, this Court should grant Askan's motion and order the injunctive relief.

The government's brief establishes that OFAC has violated and continues to violate the Fifth Amendment and the Administrative Procedure Act ("APA") by acknowledging that OFAC never prepares an administrative record until it is sued. But neither the Fifth Amendment nor the APA permit OFAC to wait that long. Under the Fifth Amendment, even when the government is permitted to hold a post-deprivation hearing, it must provide notice and a hearing "at a meaningful time and in a meaningful manner."[1] Under settled D.C. Circuit law, OFAC must, under the Fifth Amendment notice requirement, provide an affected party with the unclassified portions of the administrative record *as soon as* OFAC makes its decision.[2]

Likewise, under the APA, an administrative action is "arbitrary and capricious," and a violation of the law, if the agency's action has no rational basis in the administrative record. According to the government the administrative record did not even exist when it issued its May 2, 2017 decision denying Askan's license application, and still did not exist when OFAC denied Askan's second application on June 12, 2020. By definition, OFAC's actions cannot have a

---

[1] *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). The term "hearing" in this instance does not always denote a formal hearing and will vary depending on what each particular situation demands. *See, e.g.,.Nat'l Council of Resistance of Iran v. Dep't of State*, 251 F.3d 192, 205 (D.C. Cir. 2001).

[2] *Id.* , 251 F.3d at 209..

rational basis in something that does not even exist. Those actions are therefore arbitrary and capricious, and violated the APA.

These facts also establish that Askan has suffered and continues to suffer irreparable harm resulting from OFAC's actions. Under well-established D.C. Circuit law, "a prospective violation of a constitutional right constitutes irreparable injury." *Davis v. District of Columbia*, 158 F.3d 1342, 1346 (D.C. Cir. 1998). The government's opposition to the motion for injunctive relief concentrates solely on Askan's property interests but ignores the constitutional deprivation of due process. OFAC has not only deprived Askan of its property, OFAC has done so without providing the notice and hearing required by the Fifth Amendment Due Process Clause. Now that OFAC has issued the decision that it improperly delayed, Askan's request for injunctive relief is narrowly tailored to seek the constitutionally-mandated notice and hearing that OFAC still has not provided.

Finally, the public interest strongly supports granting injunctive relief to Askan. As the government acknowledges, federal law requires OFAC to publish the name of any specially designated global terrorist (SDGT) in the Specially Designated Nationals and Blocked Persons List (the "SDN List"). It makes no sense for OFAC to refuse to disclose the name of an individual or entity that is already a matter of public record. More importantly, OFAC's approach undermines public policy by making it extremely difficult for U.S. and foreign companies to know what to do to comply with United States trade sanctions. Individuals and companies cannot comply in good faith with U.S. trade sanctions if they do not know whom or what to avoid in conducting their businesses.

For all of these reasons, this Court should order OFAC to produce the unclassified portions of the administrative record immediately.

# ARGUMENT

Askan is entitled to injunctive relief regardless of whether its motion for injunctive relief is treated as a motion for a permanent injunction or a motion for a preliminary injunction. Askan explicitly stated in its motion that the motion was dispositive, and in its brief, Askan cited the standard for granting a permanent injunction, not a preliminary injunction.[3] In its opposition, however, OFAC chooses to characterize Askan's motion as one for a preliminary injunction.

But regardless of whether Askan's motion is properly characterized as one for a preliminary or permanent injunction, it is entitled to the narrowly-tailored relief that it seeks. The standard for granting a permanent injunction is nearly identical to the standard for granting a preliminary injunction. To demonstrate a right to a preliminary injunction, Askan must show that (1) it has a substantial likelihood of success on the merits; (2) it would suffer irreparable injury in the absence of preliminary relief; (3) the balance of equities tips in its favor; and (4) the requested injunction does not disserve the public interest.[4] Similarly, when a plaintiff seeks a permanent injunction, it must show that (1) it has suffered an irreparable injury; (2) the remedies available at law are inadequate; (3) relief is justified by the balance of the equities between Askan and OFAC; and (4) an injunction would not disserve the public interests. As demonstrated below, Askan can meet either standard and is entitled to the relief that it seeks.

**I.     OFAC has Admitted Facts Establishing that It has Violated and Continues to Violate Askan's Rights under the Fifth Amendment and the APA**

   **A.     OFAC is Continuing to Violate Askan's Rights under the Fifth Amendment.**

---

[3] Memorandum of Points and Authorities Supporting Motion for Injunctive Relief or in the Alternative for Mandamus, Dckt. No. 3-1 at 12.

[4] *Guedes v. Bureau of Alcohol, Tobacco, Firearms and Explosives*, 920 F.3d 1, 10 (D.C. Cir. 2019).

The facts that OFAC admitted to in its opposition to Askan's motion for injunctive relief and in the Declaration of Andrea Gacki ("Gacki Declaration" or "Gacki Decl.") establish that OFAC has violated Askan's Fifth Amendment due process rights. In the Gacki Declaration, Ms. Gacki, the Director of OFAC,[5] states that "OFAC *begins* to compile the administrative record…[w]hen a litigant initiates a lawsuit challenging one or more agency actions…."[6] But under well-established D.C. Circuit precedent, the Fifth Amendment requires OFAC to compile the administrative *as soon as* it takes an agency action, not at the much later date that the affected party files a lawsuit challenging that action.

Under settled D.C. Circuit law, the Fifth Amendment protects any party, including a foreign entity, that has been deprived of property in the United States. "[A] foreign organization that acquires or holds property in this country may invoke the protections of the Constitution when that property is placed in jeopardy by government intervention."[7] As explained in greater detail in Askan's brief supporting its motion for injunctive relief, OFAC's denial of Askan's license application prohibits Deutsche Bank Americas from returning Askan's down payment on the purchase of a commercial aircraft that went sour. Deutsche Bank Americas holds that down payment in a bank account in the United States, constituting precisely the type of property interest in the United States that is protected by the Constitution.

Under the Fifth Amendment, OFAC is prohibited from depriving any person of property without due process of law. Due process requires an agency to provide a person with (a) notice and (b) a hearing to permit the person to challenge government action that deprives that person

---

[5] Gacki Decl. at ¶ 1.

[6] Gacki Decl. at ¶ 24 (emphasis supplied).

[7] *Nat'l Council of Resistance of Iran v. Dep't of State*, 251 F.3d 192, 204 (D.C. Cir. 2001).

of its property. *See, e.g., Mathews v. Eldridge,* 424 U.S. 319, 334–35 (1976); *Nat'l Council of Resistance*, 251. F3d at 205.

To meet the notice requirement when the federal government imposes sanctions to promote U.S. foreign policy and national security interests, the government must immediately provide the aggrieved person with all of the unclassified information in the administrative record supporting the government sanction. *See.Nat'l Council of Resistance*, 251 F.3d at 209. The agency's notice, the D.C. Circuit held, must include "notice of the administrative record which will in any event be filed publicly…. We therefore require that *as soon as* the [agency] has reached a tentative determination…, the [agency] must provide notice of those unclassified items upon which [it] proposes to rely…." *Id*. (emphasis supplied).[8]

Local Rule 7(n) does not and could not modify this requirement. First, LCvR 7(n) is a local procedural rule that does not override D.C. Circuit precedent concerning the constitutional requirements of due process. Second, LCvR 7(n) establishes only when a federal agency is required to file the administrative record with this Court; it does *not* establish when the agency must make the unclassified portions of that record available to an affected private party under either the Fifth Amendment or the APA. When this Court reviews an agency action, the Court does not create its own trial record or review the agency action *de novo*. Instead, it reviews the agency action based on the administrative record created by the agency.[9] In that sense, this Court serves a function similar to an appellate court reviewing the record of a lower court. Just

---

[8] *Nat'l Council of Resistance* involved a designation by the Secretary of State that a particular foreign entity was a terrorist organization. The D.C. Circuit has held that OFAC is also bound by the requirements announced in *Nat'l Council of Resistance*. *See Zevallos v. Obama*, 793 F.3d 106, 116-17 (D.C. Cir. 2015).

[9] *See* Comment to LCvR 7(h) (recognizing that "in cases where review is based on an administrative record the Court is not called upon to determine whether there is a genuine issue of material fact, but rather to test the agency action against the administrative record").

5

as the Federal Rules of Appellate Procedure require this Court to forward the record of its proceedings to the appellate court when an appeal is noticed, so too the LCvR 7(n) requires the agency to file the administrative record with this Court.  *Compare* F.R.A.P. 11(b)(2) *with* L.Cv.R. 7(n).  No one would argue that F.R.A.P. 11(b)(2) excuses this Court from maintaining a contemporaneous record of its proceedings, making that record available to the parties and the public on a timely basis, or compiling a record before one of the parties files a notice of appeal.  Neither does LCvR 7(n) excuse OFAC from compiling its administrative record and making the unclassified portions of that record available to an affected party before that party brings suit.

The D.C. Circuit and this Court have repeatedly applied the rule announced in *Nat'l Council of Resistance* to U.S. trade sanctions cases,[10] including determinations by OFAC involving SDGTs.[11]  In this case, OFAC has provided only a one-page determination that "the blocked funds transfer in question involves the interests of a sanctions target, specifically, **the interest of a Specially Designated Global Terrorist, pursuant to the Global Terrorism Sanctions Regulations, 31 C.F.R. section 594.**"  Exhibit A to Government Opposition at 1 (bold in original).  Contrary to its obligations under the Fifth Amendment, OFAC has not provided Askan with *any* of the unclassified items on which it relied.

Not only has OFAC violated the notice requirement, it has violated the hearing requirement as well.  Under *Nat'l Council of Resistance*, the hearing requirement compels OFAC to afford an affected entity "the opportunity to present, at least in written form, such evidence as those entities may be able to produce to rebut the administrative record or otherwise negate" the grounds for the government's action.  *Nat'l Council of Resistance*, 251 F.3d at 209.  But that

---

[10] *See, e.g., Fares v. Smith*, 249 F.Supp.2d 115 (D.D.C. 2017).

[11] *See, e.g., Zevallos v. Obama*, 793 F.3d 106, 116-17 (D.C. Cir. 2015).

exercise is meaningless if the aggrieved party has no access to an administrative record to rebut. Without access to the unclassified administrative record, Askan cannot meaningfully rebut the grounds on which OFAC blocked the transaction and thus OFAC has deprived Askan to the right to a meaningful hearing. *See KindHearts for Charitable Humanitarian Dev., Inc. v. Geithner*, 647 F.Supp.2d 857, 904 (N.D. Ohio 2009).

OFAC's failure to disclose even the most basic information undermines one of the three factors that the Supreme Court has held define the requirements of due process: the risk that the process provided by the government will erroneously deprive a private party of its rights. *See Mathews v. Eldridge*, 424 U.S. at 335; *Nat'l Council of Resistance*, 251 F.3d at 206. Because Askan must guess at the reasons that OFAC has for blocking Deutsche Bank Americas from returning Askan's money to it, "the risk of erroneous deprivation is high." *Al Haramain*, 686 F.3d at 986.

Where a party must "rebut the undisclosed evidence against it," it is caught in a Kafkaesque world in which "like Joseph K. in *The Trial*," it can prevail only by proving itself innocent "regardless of what might be implied by the Government's confidential information." *Rafeedie v. I.N.S.*, 880 F.2d 506, 516 (D.C. Cir. 1989). "[F]airness," Justice Frankfurter once observed, "can rarely be obtained by secret, one-sided determination of facts decisive of rights." *Joint Anti–Fascist Refugee Comm. v. McGrath,* 341 U.S. 123, 170 (1951) (Frankfurter, J., concurring). OFAC has maintained its silence for over four years, and during that entire time has refused to provide any reasons to justify its actions depriving Askan of its $923,000 down payment.

7

Not only has Askan established that it is likely to succeed on the merits of its Fifth Amendment Due Process claim, it has established that there *is* a continuing violation of its Due Process rights which this Court should remedy.

### B. OFAC has Violated Askan's Rights under the APA.

OFAC's actions are also arbitrary and capricious, and therefore violate 5 U.S.C. § 706(2). By refusing to provide Askan with the information that it needs to understand the basis of OFAC's actions, it has forced Askan to have to guess at OFAC's reasons.

An agency decision that is not supported by a rational basis in the administrative record is arbitrary and capricious. *Am. Petroleum Institute v. Environmental Protection Agency*, 862 F.3d 50, 68 (D.C. Cir. 2017) (quoting *Motor Vehicle Mfrs. Ass'n of United States, Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)). Here, there is no administrative record, never mind a rational basis in the administrative record, supporting OFAC's action. OFAC has violated the 5 U.S.C. § 706(2).

## II. Askan Has Suffered Irreparable Harm.

### A. Askan Has Suffered Two Distinct Irreparable Injuries, a Constitutional Injury and a Threat to the Existence of Its Business.

Askan has suffered irreparable harm because (1) it has suffered a constitutional injury that OFAC is continuing to inflict on Askan and (2) OFAC's action threatens the existence of its commercial airlines business for Transylvania International Airlines SRL ("TIA").

First, "suits for declaratory and injunctive relief against the threatened invasion of a constitutional right do not ordinarily require proof of any injury other than the threatened constitutional deprivation itself." *Davis*, 158 F.3d at 1346. The D.C. Circuit has consistently held that any prospective constitutional violation constitutes irreparable harm. *Id*. "It has long been established that the loss of constitutional freedoms, 'for even minimal periods of time,

8

unquestionably constitutes irreparable injury.'"  *Mills v. District of Columbia*, 571 F.3d 1304, 1312 (D.C. Cir. 2009) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality opinion)).

This rule holds even when the only constitutional injury alleged is deprivation of personal property without due process. In *Simms v. District of Columbia*,[12] this Court ordered the District of Columbia to return an automobile to the owner pending the outcome of the District's civil forfeiture proceedings. The District had seized the vehicle on the ground that the owner had been illegally carrying a firearm in it. When the owner was found not guilty, he requested that the vehicle be returned. The District delayed civil forfeiture proceedings and continued to impound the automobile. This Court held that the delay was not legally justifiable and that the owner was likely to succeed on the merits of his Fifth Amendment Due Process claim. The injury, this Court held, "is certain, because it has already occurred, and is ongoing, because the District has held his car for over a year and has yet to provide plaintiff with any type of hearing." 872 F.Supp. at 105. Based on the rule that the ongoing deprivation of a constitutional right constitutes irreparable harm, this Court held that the owner had shown irreparable harm. Askan, likewise, has demonstrated irreparable harm because OFAC's failure to provide Askan with the unclassified portions of the administrative record is an ongoing violation of Askan's Fifth Amendment Due Process rights.

Second, Askan has suffered irreparable harm because the only way to remedy the harm is for OFAC to issue a license. OFAC's failure to explain its action blocking the return of Askan's down payment leaves Askan without any way to be certain of how to comply with the law in the future. Askan has lost not only its $923,000 down payment and more than $400,000 in legal

---

[12] 872 F.Supp. 90 (D.D.C. 2012)

fees, it has lost information that it needs to be able to know what caused the purported violation, and thus to arrange its future affairs.

A harm that threatens the existence of the movant's business is irreparable. *See Wis. Gas Co. v. Fed. Energy Regulatory Comm'n*, 758 F.2d 669, 674 (D.C. Cir. 1985) (per curiam). OFAC's denial of the license application creates precisely that type of harm because Askan and TIA cannot pursue the commercial airline business without the Air Operator's Certificate, which it cannot obtain without purchasing a commercial aircraft.  OFAC has prevented Askan from accessing the financial resources that it needs for this transaction, and also created regulatory confusion about what Askan must do to avoid the same or similarly adverse result in any future transaction to purchase aircraft.

**B.   There Are No Delays that Justify Ignoring the Irreparable Harm Askan has Suffered.**

OFAC argues that the harm Askan has endured is not truly irreparable because Askan allegedly delayed in filing its motion for injunctive relief.  But OFAC's argument is unpersuasive because (1) there was no unreasonable delay; (2) Askan was justified in pursuing other non-litigation options first; (3) OFAC, not Askan, was responsible for any delay; and (4) delay is not a valid ground for denying a preliminary or permanent injunction where the irreparable harm is otherwise certain.

First, Askan did not delay in filing its motion.  Askan's motion challenges whether OFAC, in issuing its June 12, 2020 decision denying Askan's October 9, 2019 license application, met its obligations under the Fifth Amendment and APA.  Askan filed its motion on June 2, 2020.  Askan did not delay its motion at all.

To the extent there was a delay, it was not unreasonable.  In one of the cases the government cites (*Fund for Animals v. Frizzell*, 530 F.2d 982, 987 (D.C. Cir. 1975)), plaintiffs

10

sought to a preliminary injunction to modify the rules of a waterfowl hunt that had already effectively completed.  In a second case (*Newdow v. Bush*, 355 F. Supp. 2d 265, 292 (D.D.C. 2005)), the plaintiff sought to enjoin some of the planned activities of President George W. Bush's second inauguration less than one month before the inauguration.  In these instances, a delay of forty-four days (*Fund for Animals*) and approximately one month (*Newdow*) were inexcusable because of the extraordinary time constraints imposed on the government by the nature of the events that the plaintiffs challenged.  No such extraordinary events exist here.  In the third case (*Dallas Safari Club v. Bernhardt*, --- F. Supp. 3d --, 2020 WL 1809181 (D.D.C. Apr. 9, 2020), plaintiffs waited over two years before filing suit and over two months after filing suit before filing their motion for preliminary injunction.  No such delay exists here:  Askan filed its suit and motion on the same day (June 2, 2020), less than eight months after filing its license application on October 9, 2019.

       Second, Askan was not required to file a motion immediately after OFAC denied Askan's first license application on May 2, 2017 because Askan was justified in pursuing non-litigation grounds first.  OFAC's regulations invite aggrieved parties such as Askan to investigate the facts and other options that might justify OFAC in issuing the license.[13]  In light of the lack of information in OFAC's May 2, 2017 denial, Askan concluded that it was better served by investigating the facts more thoroughly.  Askan's goal was to determine whether it could uncover facts that could convince OFAC that its initial determination was erroneous or that OFAC should grant a modified application.  After an exhaustive investigation failed to uncover

---

[13] *See* 31 C.F.R. § 501.801(b)(5) (applicant may, at any time, file for reconsideration of denial of a license application "on the basis of new facts or changed circumstances").

11

the alleged SDGT, Askan filed an application for reconsideration.  When it became apparent that OFAC would not act on the application in a timely manner, Askan filed its motion.

A private party is entitled to pursue non-litigation strategies to remedy the harm it has suffered.  *Texas Children's Hospital v. Burwell*, 76 F.Supp.3d 224, (D.D.C. 2014) (plaintiffs entitled to pursue reasonable non-litigation strategies before filing suit to seek preliminary injunction).  Askan was justified in conducting a private investigation and filing a second license application before filing it motion for injunctive relief.

Third, OFAC, not Askan, was responsible for any delay.  Askan's counsel contacted OFAC every few months after filing the October 9, 2019 license application.  Each time, OFAC assured Askan's counsel that OFAC was reviewing the application and would act upon it shortly.  Askan cannot be blamed for seeking to work with OFAC and relying upon OFAC's assurances.

Fourth, the cases the government cites involve only motions for preliminary injunctions where it is uncertain whether the plaintiff has suffered irreparable harm.  To establish, on a motion for a preliminary injunction, that the plaintiff is likely to suffer irreparable harm, the plaintiff must show, among other things, that the harm is certain.  *Texas Children's Hospital*, 76 F.Supp.3d at 242.  By failing to move expeditiously for a preliminary injunction, plaintiffs merely intensify any doubts about the certainty of the alleged harm.  *See, e.g., Fund for Animals*, 530 F.2d at 987 (case cited in Government's Opposition at 25).  But when the government engages in an ongoing violation of the plaintiff's constitutional rights, the plaintiff's irreparable harm is certain.  *See Simms*, 872 F.Supp. at 105.  Since the harm in this case is certain and not merely theoretical, any alleged delay in seeking injunctive relief is irrelevant.

Askan has established that it has been irreparably harmed by OFAC's action and should be granted the relief that it seeks.

## III. There is No Adequate Remedy at Law.

There is no adequate remedy at law because neither Askan's constitutional rights nor its rights under the APA can be remedied short of ordering injunctive relief. Askan's right to due process under the Fifth Amendment cannot be remedied except by ordering OFAC to provide Askan with the process due to Askan. *See Nat'l Council of Resistance*.

OFAC's regulations, moreover, prohibit Deutsche Bank Americas from returning Askan's money to Askan without a license from OFAC. 31 C.F.R. § 594.202(c). The only remedy is a court order requiring OFAC either to issue the license or to promulgate a decision on the license application.

Finally, the APA, moreover, can be enforced only through equitable, injunctive relief, and does not permit plaintiffs to obtain damages against a federal agency. *See* 5 U.S.C. § 702 (prohibiting the award of money damages for violations of the APA).

## IV. The Equities and Public Interest Favor Askan.

The equities and the public interest plainly favor Askan. The purposes of U.S. trade sanction law would also be best served by granting the requested relief. Trade sanctions are designed to encourage individuals and companies to behave in a way that advances U.S. foreign policy and national security interests. But if innocent actors such as Askan are unable to understand OFAC's actions or to predict its future acts, they are unable to plan or arrange their transactions to comply with U.S. trade sanctions or to behave in a way that benefits U.S. interests. Askan and others like it need the clarity that OFAC has so far refused to provide in order to plan their future transactions appropriately.

It is important to note that Askan is not and never has been on the SDN List, either as an SDGT or in any other capacity. Askan therefore cannot be the SDGT referred to in OFAC's

13

decision to deny Askan's license application. It is also important to remember that the original transaction, in which Askan sought to purchase a commercial aircraft, was cancelled and never completed. OFAC did not block the original transaction; it blocked only Askan's attempt to have its down payment returned to it. No other party benefits from refunding Askan's down payment except Askan, which is not an SDGT. The parties seeking to sell the aircraft to Askan do not benefit because the sales transaction was cancelled and they receive no money. The banks do not benefit because they would no longer have the funds in an account that they could invest. The escrow agent does not benefit because it had already deducted its escrow fee from the funds to be returned to Askan.

If there is some basis supporting OFAC's decision, OFAC and the public interest are best served by disclosing that information. Companies such as Askan can comply with U.S. trade sanctions only if they have enough information to be able to avoid transactions involving SDGTs. It cannot harm U.S. foreign policy or national security interests to require OFAC to disclose the SDGT that is purportedly benefiting from the blocked transaction. OFAC has already publicly disclosed the SDGT's identity when it puts the SDGT on the SDN List. It also cannot harm U.S. foreign policy interests to require OFAC to comply with its legal obligations under the Fifth Amendment and the APA by providing Askan with the unclassified portions of the administrative record. That information might even help Askan to structure a transaction that will avoid benefiting any SDGT and thus further U.S. national security interests.

Moreover, if the SDGT in question were ever delisted, Askan could then petition for the release of its funds on that basis. However, with the identity of the SDGT being hidden, the assets could be unblockable for years after delisting. That would open the door to subsequent creditors or holders of judgments to attach that money without Askan even knowing it.

The keen public interest in clarity that will advance U.S. foreign policy and national security interests would be well served by granting injunctive relief in this case.

## CONCLUSION

This Court should issue an injunction ordering OFAC immediately to provide Askan with all of the unclassified facts supporting OFAC's decision including (1) an unclassified summary of the classified facts supporting its decision and (2) disclosing all individuals and entities whose involvement with the transaction justified blocking the transaction and why.

Respectfully submitted,

    */s/* Teresa Taylor
Teresa Taylor (DC Bar No. 484655)
Joseph G. Cosby (DC Bar No. 29677)
BUTZEL LONG, P.C.
1909 K Street, N.W., Suite 500
Washington, DC  20006
Tel:  (202) 454-2800
Fax: (202) 454-2805
taylortn@butzel.com
cosby@butzel.com

*Counsel to Askan Holdings, Ltd.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing **Memorandum of Points and Authorities Supporting Motion for Injunctive Relief or in the Alternative for Mandamus** is being served on each of the defendants using this Court's ECF electronic filing system.

                                                       */s/* Teresa Taylor
                                                     Teresa Taylor