# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

---

|  |  |  |
|---|---|---|
| ASKAN HOLDINGS, LTD. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.:  1:20-cv-01458-RJL |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| THE TREASURY, OFFICE OF | ) | |
| FOREIGN ASSETS CONTROL, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

---

## JOINT STATUS REPORT

Pursuant to this Court's July 30, 2020 order, the parties submit the following Joint Status Report.   On July 31, 2020, the Department of the Treasury, Office of Foreign Assets Control ("OFAC") filed the certified index of the administrative record, *see* ECF No. 15, and provided Plaintiff Askan Holdings with redacted portions of the administrative record.  Counsel for the parties thereafter conferred via email and were unable to reach agreement on next steps; the parties therefore separately state their respective positions here:

### PLAINTIFF'S POSITION

1.      On July 31, 2020, OFAC provided plaintiff Askan Holdings, Ltd. with 234 redacted pages upon which the government claims it based its decision to deny Askan a license unblocking Askan's access to its own money.  The certification of Andrea Gacki, which accompanied the redacted administrative record, states that the government redacted three types of information:  (1) classified information; (2) trade secrets or business confidential information; or (3) materials subject to other privileges.  Certification of Administrative Record, Dckt No. 15-

1 at ¶ 5 (July 31, 2020); *see also* Declaration of Andrea Gacki ("Gacki Decl."), Dckt. No. 11-1 at ¶ 25 (June 19, 2020).  Askan has had an opportunity to review this redacted version of the administrative record.

2.       Askan has found several aspects of the redacted record troubling.  First, it is apparent on even a cursory review that the government redacted a substantial amount of unclassified information, and this record does not constitute the entire unclassified administrative record that the government is required to produce.  Second, the government's production raises questions about the accuracy of some of the government's representations to this Court concerning how and when it begins to compile the administrative record.

3.       Among other things, OFAC redacted the name of the government official to whom Askan addressed its October 9, 2019 license application.  This license application is Exhibit A to the Complaint, which has been a part of the public record in this case for more than two months since Askan filed the complaint on June 2, 2020.  As page 1 of Exhibit A shows, Askan addressed the license application to Mr. Aydin Akgun, the Chief of the Licensing Division at OFAC.  But when OFAC produced the same record to Askan as part of the unclassified administrative record, OFAC purged Mr. Akgun's name.  *See* AR 174 (Exhibit 1).

4.       The government has promiscuously blotted out dozens of names of other federal employees.  *See e.g.,* AR 109-12, AR 145, AR 148, and AR 195-98 (Exhibit 1).  In one Gmail which Askan submitted to OFAC, the government redacted not only the name of an employee in a different agency (Department of Commerce Bureau of Industry and Security) who wrote the email to Askan's attorneys but also the internet URL where the email could be found.  AR 148 (Exhibit 1).

5.      The government also blacked out signatures on two agreements and one report that Askan submitted as exhibits to its first request for a license.  *See* AR 131, AR 135, and AR 139 (Exhibit 1).  All of these documents came from Askan's files, not from the government or any of its confidential sources.

6.      But even more importantly, Askan contends that the government continues to refuse to provide any unclassified communications with Deutsche Bank, a private company that is not a government contractor (at least not for purposes of this case).  Nor has the government disclosed the identity of the supposed SDGT, whose identity under the applicable federal regulations must be disclosed publically and is a matter of public record.  Nor has the government disclosed which property the unidentified SDGT purportedly has a property interest in, nor the nature of that supposed property interest.  In short, Askan asserts that the government has refused to provide any information that is required to provide Askan with a meaningful hearing at a meaningful time, as required under both the Fifth Amendment and the ADA.

7.      Second, Askan contends that the government's production raises significant questions about the reliability of its representations to this Court.  On January 27, 2020, more than five months before Askan filed this lawsuit, a Treasury Department employee wrote an email to four other employees requesting a copy of the blocking memo (SDGT-6722) supporting OFAC determination to block return of Askan's down payment.  AR195 (Exhibit 1).  "Licensing [Division of OFAC] really needs a copy of SDGT-6722 *to add to our record*.  [Redacted] has been waiting a little over a month to receive a copy.  Could one of you remit or let us know where the memo is stored *so we can make a reference in the case file*?"  *Id*. (emphasis supplied).

8.      This email apparently refers to a series of emails dated December 12, 2019 in which an employee of OFAC's Licensing Division requested another Treasury Department

employee to confirm whether SDGT-6722 provided a basis for continuing to block return of Askan's down payment.  AR 196-97 (Exhibit 1).  The italicized phrases quoted from the January 27 email demonstrate that OFAC was already compiling an administrative record for this decision at least as early as December 12, 2019, almost six months before Askan filed this lawsuit.  But according to the Declaration of Andrea M. Gacki, the Director of OFAC, OFAC did not even begin to assemble the administrative record until after Askan filed suit on June 2, 2020. Gacki Decl. at ¶ 24, Dckt. No. 11-1.  Ms. Gacki's assertion concerning an important fact concerning the administrative record and how it is compiled is contradicted by the record itself.

9.      As a result of these aspects of the record, Askan recommends that the Court order defendants to complete the record with the unclassified information that the government has continued to withhold.  Once the government has provided Askan with the complete unclassified administrative record, as required under the Fifth Amendment and the ADA, the parties can proceed with cross-motions for summary judgment.

10.      Askan does not agree with the government's proposal that the case proceed directly to summary judgment because the unclassified administrative record is not yet complete, as demonstrated above.  As several of the cases on which the government relies show, summary judgment is appropriate only after the complete administrative record has been assembled.  For instance, in *Sulemane v. Mnuchin*, 2019 WL 77428 (D.D.C. 2019) as in this case, OFAC initially provided Sulemane with a redacted record.  2019 WL 77428 at *3.  When "Sulemane requested that OFAC release portions of the record that had been redacted but were unclassified," OFAC provided him with an updated version of the record in which OFAC lifted redactions from certain information.  *Id*.  Likewise, in both *Al-Aqeel v. Paulson*, 568 F. Supp. 2d 64, 72 (D.D.C. 2008) and *Fares v. Smith*, 901 F.3d 315, 320 (D.C. Cir. 2018), the government, in response to

challenges from the plaintiffs, supplemented the administrative record to include all unclassified, nonprivileged information.

11.     But in this case, the government has redacted information, including the identity of the SDGT and other information, that is already part of the public record and is, by definition, neither classified nor privileged.  The government also asserts that it may be withholding trade secrets, business confidential information, the identities of nonparty individuals, and other information that can and should be dealt with using an appropriate protective order rather than withholding the information entirely.

12.     The government also inaccurately states that Askan has failed to demonstrate irreparable harm.  But demonstrated in Askan's reply brief on the motion for injunctive relief, the government has admitted facts that establish a continuing violation of the Fifth Amendment, and a continuing violation of a constitutional right constitutes irreparable harm.  *See* ECF No. 12 at 8-9.  Summary judgment briefing, which relies upon the completeness of the administrative record, is not appropriate until the irreparable harm of the ongoing constitutional violation is addressed and the administrative record is complete.

13.     Askan also sees no value in requiring it to file an amended complaint.  While it is true that Askan sought and obtained a final determination on its license application, that fact does not require this Court to slow down the proceedings to require Askan to amend the complaint. Just as plaintiffs typically do not amend the complaint when some but not all of the defendants settle, there is no need to unnecessarily delay the proceedings merely because Askan has obtained some but not all of the relief it requested in the complaint.

14.     Askan therefore proposes the following schedule that instead of setting September 1, 2020 as a deadline for Askan to file an amended complaint, that this Court set September 1,

2020 as the deadline for the government to serve a revised version of the administrative record on Askan, for the parties to jointly propose an appropriate protective order for any confidential portions of the record that are not privileged or classified, and for the government to file a privilege log for the portions of the record for which it claims privilege.

## DEFENDANTS' POSITION

15.     Plaintiff Askan Holdings, Ltd. is a foreign holding company whose transaction involved a U.S. bank and was blocked pursuant to the Global Terrorism Sanctions Regulations; OFAC has since twice denied a request for a license to release those funds.  Plaintiff's still-pending motion for an injunction in this matter was premised on OFAC's alleged "unreasonable delay" in acting on Plaintiff's second license application, and its alleged failure to adequately explain the basis for the blocking.  *See* ECF No. 3-1, at 2-3.  (Originally understood by Defendants and the Court as a motion for a preliminary injunction, Plaintiff later maintained that this motion was a motion for a permanent injunction.  *See* June 22, 2020 Transcript, at 6-7.) Defendants opposed that motion, including on grounds that Plaintiff had not shown it would suffer irreparable harm and had shown no likelihood of success on the merits if matters proceeded in the normal course, including briefing on the basis of an administrative record.  *See generally* ECF No. 11.  OFAC denied the license application on June 12, 2020.   On June 22, 2020, Plaintiff's counsel stated on the record that he "certainly" might withdraw the motion, but not the suit, if the administrative record was provided.  Tr. at 8.  On July 31, 2020, OFAC provided Plaintiffs with the public portions of the administrative record for the blocking, the denial, and the reconsideration, and filed the certified index on the record.  *See* ECF No. 15.

16.     Plaintiff is now dissatisfied with the administrative record, but regardless of the dubious merits of Plaintiff's arguments, the denial of the license and the provision of the

administrative record fundamentally change the nature of Plaintiff's claims.  Askan can no longer argue that OFAC failed to make a decision or has failed to provide a record at all.  OFAC has made a decision, and provided redacted record materials, the scope of which redactions Plaintiff is attempting to challenge.  Assuming Plaintiff can state a claim, the briefing can then go forward, as it should, on the basis of an administrative record.  *See Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985).  Accordingly, the Plaintiff should file an amended complaint identifying its new claims and dismissing its unreasonable delay claim.  Assuming the amended pleading tracks the arguments made to date, Defendant currently anticipates that it could move to dismiss, or in the alternative, for summary judgment within thirty days of the amended pleading.  This motion would likely also include declarations explaining the basis for the redactions from the administrative record in order to show that the redactions comport with due process.

17.     Plaintiff's complaints about the record are in any event meritless.  Plaintiff first complains that certain unclassified information is redacted from the record provided to Plaintiff.  For example, Plaintiff complains that OFAC redacted the names of subordinate Government employees, as well as identifying information of individuals who are not parties to this suit.  This information is routinely redacted from the public record pursuant to the Government's privacy obligations, and in any case, has no bearing on the substance of the administrative record or the adequacy of the process provided to Plaintiff.  Plaintiff also complains that other unclassified information is redacted or withheld, but it is well-settled that the Government may withhold classified or privileged information from the public portions of the administrative record, even when the designation itself is at issue, as opposed to the license denial at issue here, which involves far lesser intrusion on a plaintiff's interests.  *See, e.g., Rakhimov v. Gacki*, No. CV 19-

2554 (JEB), 2020 WL 1911561, at *7 (D.D.C. Apr. 20, 2020), appeal dismissed, No. 20-5121, 2020 WL 4107145 (D.C. Cir. July 1, 2020); *Sulemane v. Mnuchin*, 2019 WL 77428 (D.D.C. 2019); *Al-Aqeel v. Paulson*, 568 F. Supp. 2d 64, 72 (D.D.C. 2008) ; *cf. Fares v. Smith*, 901 F.3d 315, 322 (D.C. Cir. 2018) (explaining that "[d]esignees may also challenge the legitimate scope of the redactions" as part of their challenge to an OFAC blocking).  Summary judgment is the appropriate stage in the litigation process for the Government to establish that the agency met its obligations under the APA, and any Due Process obligations (to the extent that Plaintiff, as an alien corporation lacking substantial presence in the United States, has rights pursuant to the Due Process Clause), and that redacted information was appropriately withheld.  As set forth in the Certification: "In the event that OFAC needs to defend its decision on the merits, OFAC would address the need to submit to the Court *ex parte, in camera* a copy of the Administrative Record. In that submission, OFAC would address in detail (and invoke any privileges as appropriate) the scope of its reliance on privileged, classified, or otherwise protected material."  Gacki Decl. ¶ 6, ECF No. 15-1.[1]  Plaintiff would skip this step entirely and have the Court order the production of "unclassified" record material without regard to whether that information is properly withheld. There is no basis for such a demand.[2]

---

[1] Plaintiff's first paragraph does not accurately reflect the content of the certification.  *See* Gacki Decl. ¶¶ 5-7.

[2] Plaintiff argues that because the Government voluntarily lifted some limited redactions of unclassified material at various stages in the litigation in other, unrelated cases, the Court should therefore force the Government to do so here.  But the Government's voluntary actions in other cases is not a reason for the Court to prematurely adjudicate the issue of whether individual withholdings comport with due process, and whether any errors in the administrative process were harmless.  Assuming this matter proceeds to summary judgment, the Government will provide declarations in support of any challenged redactions.  Plaintiff points to no authority for its suggestion that the properly protected information should be produced pursuant to a protective order.

18.     Plaintiff's final and most puzzling objection to the record relates to the fact that OFAC was working on the license reconsideration application and populating a case file pertaining to the application prior to filing of the lawsuit.  The cited emails show that OFAC was conducting its analysis and gathering information shortly after the application was received in order to make a decision and respond to the application.  It is hard to see how vague references to a "record" and a "case file" contradict the explanation previously given that an "administrative record" (as that term is used in the APA) is compiled and prepared for filing in court after a lawsuit is filed.

19.     It bears repeating that Plaintiff's efforts to resolve its claims on an emergency basis, without the benefit of full summary judgment briefing on an administrative record, were always meritless.  Plaintiff is not threatened by any irreparable harm that could occur while the Court considers this case in the ordinary course.  *See* Defs.' Opp'n, ECF No. 11, at 21-25; Tr. of 6/9/20 Status Conference at 8:8-14 ("THE COURT: I would encourage the plaintiffs to familiarize themselves, if they're not, with the irreparable-harm component of a PI in this Circuit. It's very tough. And if it's a financial issue, it's really tough. And the chances of getting a PI, unless you can show that $900,000 is going to bring down your company, is very slim, very slim.").  Plaintiff, after all, waited four full years after the blocking, and three years after the first license was denied, to decide there was suddenly an emergency while its second license application was pending.  Accordingly, Defendants urge the Court to deny the pending motion, vacate the hearing set for August 18, and set a schedule for further proceedings as follows:

- o   September 1, 2020:  Plaintiff will file an amended complaint.

- o   October 1, 2020:  Defendants will file a dispositive motion in lieu of an answer.

- o   November 2, 2020:  Plaintiff will respond and file a cross-motion, if any.

9

    o   November 20, 2020:  Defendant will file a reply in support of its motion, combined with an opposition to Plaintiff's cross-motion.

    o   December 11, 2020:  Plaintiff will file a reply in support of its cross-motion, if any.

Dated:  August 7, 2020

     _/s/_ Teresa Taylor
Teresa Taylor (DC Bar No. 484655)
Joseph G. Cosby (DC Bar No. 29677)
BUTZEL LONG, P.C.
1909 K Street, N.W., Suite 500
Washington, DC  20006
Tel:  (202) 454-2800
Fax: (202) 454-2805
taylortn@butzel.com
cosby@butzel.com

*Counsel to Askan Holdings, Ltd.*

Respectfully submitted,

ETHAN P. DAVIS
Acting Assistant Attorney General
DIANE KELLEHER
Assistant Director, Federal Programs Branch

     /s/Amy E. Powell
Amy E. Powell
Civil Division, Department of Justice
c/o U.S. Attorney's Office
150 Fayetteville St., Suite 2100
Raleigh, NC 2760
Phone: 919-856-4013
Email: amy.powell@usdoj.gov

*Counsel to Defendants*