### IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ASKAN HOLDINGS, <br>           Plaintiff, <br><br>          v. <br><br> U.S. DEPARTMENT OF THE TREASURY, <br>        *et al.*, Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Case No.:  1:20-cv-01458- RJL |

### JOINT STATUS REPORT

On August 14, 2020, Defendants filed a motion requesting that the hearing set for August 18, 2020, be continued in light of Defendants' intention to grant the license that was the subject of Plaintiff's motion, and proposing to file an updated status report on September 1, 2020.  *See* ECF No. 19.  Plaintiff consented in part, and requested that the Court set a later date for the hearing.  *See* ECF No. 20.  By Minute Order dated August 16, 2020, the Court granted the motion, vacated the hearing date, and directed the parties to file a status report on or before September 1, 2020, proposing next steps.  On August 17, 2020, Defendant Office of Foreign Assets Control (OFAC) issued a license to Deutsche Bank Trust Company Americas ("Deutsche Bank") authorizing Deutsche Bank to process the return to Plaintiff Askan Holdings, Ltd. ("Askan") of funds previously blocked by OFAC, in accordance with the original wire payment instructions.  On the same day, the government informed Askan (through counsel) that the license had been issued.

It turned out, however, that Deutsche Bank no longer had custody of the funds.  On September 1, 2020, the parties filed a status report informing the Court that the funds had not yet

transferred.  To date, those funds have not transferred.  Counsel for the parties have conferred by email and set forth their respective positions below:

## DEFENDANTS' POSITION

1.      Defendants report that on Thursday, August 27, 2020, the financial institution informed OFAC that it no longer has custody of the blocked funds; rather, in November 2019, pursuant to New York law, the blocked funds were escheated to the State of New York.  On August 27, 2020, OFAC promptly contacted the State of New York ("NYS") to confirm that it still held the funds, and to facilitate the release of the funds to Plaintiff.  On Friday, August 28, 2020, the State confirmed that it holds the funds, and OFAC informed Plaintiff (through counsel) of that fact on that same day.

2.      Defendants have made all reasonable efforts to cooperate with Plaintiff since learning of the escheatment.  For example, Defendants have informed Plaintiff that at the time of the escheatment, NYS was authorized pursuant to a broad license issued by OFAC in 2016 to escheat funds blocked pursuant to one or more sanctions programs where escheatment was required by NYS law, so long as such funds continue to be treated as blocked funds in compliance with OFAC regulations.  In short, the custody of the funds transferred to NYS, but required a second license by OFAC, which as discussed below, OFAC has subsequently issued.

3.      At the time of the September 1 status report, OFAC staff were working diligently to provide Plaintiff with additional information about what steps may be necessary for Plaintiff to seek the return of the funds from NYS.  Defendants have taken multiple additional steps. Defendants confirmed to Plaintiff that NYS is unable to transfer the funds by wire transfer (rather than their standard process of issuing a check).  Moreover, on September 3, 2020, Government counsel provided to Plaintiff's counsel a copy of the escheatment license issued to

NYS, and also provided Plaintiff's counsel with contact information for an individual at the Office of the New York State Comptroller with knowledge of this matter so that Plaintiff could pursue the NYS claims process pursuant to NYS law.

4. On September 15, 2020, OFAC issued a license authorizing NYS to unblock and disburse the escheated funds, including any interest earned on those funds, to Askan through its legal counsel, Butzel Long P.C., via check.  As such, OFAC's authorities no longer prevent Plaintiff's possession of the funds at issue, which the Government understands is now governed by the laws of the State of New York.

5. Defendants continue to believe Plaintiff's present action is mooted by the unblocking of the funds, as set forth in the Motion to Continue.  *See* ECF No. 19.  If the parties cannot mutually agree on a resolution of this matter in light of OFAC's unblocking of the funds at issue in this case, Defendants anticipate filing a motion to dismiss on mootness grounds.

6. Defendants propose filing another status report in one month, on October 15, 2020, updating the Court as to the status of this matter and proposing next steps.  Defendants are hopeful that one month is sufficient time for Plaintiff and NYS to complete the claims process and accomplish a transfer.

7. On September 8, 2020, after contacting NYS, Plaintiff demanded that Defendant order NYS to transfer the funds back to Deutsche Bank.  Plaintiff's counsel took the position that the escheatment was not authorized by NYS law and was therefore not authorized by the escheatment license.  Plaintiff informed Defendant it objects to having to provide the additional information required by NYS to claim the funds in accordance with state law, and believes that the funds were not "unclaimed" under NYS law.  Regardless, Defendants have issued all relevant

licenses necessary to unblock the funds pursuant to OFAC's regulations; OFAC's authorities no longer prevent Plaintiff's possession of the funds at issue.

8.     Plaintiff has provided OFAC with no plausible reason to believe that the escheatment of the funds to NYS was beyond the scope of the escheatment license, which authorized NYS to obtain custody of funds "subject to the Abandoned Property laws of the State of New York."  Whether or not property is "abandoned," who provides notice to the owner or account-holder, and the manner in which an owner can reclaim such property, is a matter of state law.  *See generally* N.Y. Aband. Prop. Law § 300 *et seq.*; *id.* § 1406; *see also* Guidance for Banking Institutions, available at https://www.osc.state.ny.us/sites/default/files/unclaimed-funds/documents/pdf/2018-06/banking-institutions.pdf; Claims for Businesses and Organizations, available at https://www.osc.state.ny.us/unclaimed-funds/claimants/claims-businesses-and-organizations.  To the best of Defendants' knowledge, NYS authorities have been responsive and helpful when Plaintiff contacted them about this matter.

9.     Plaintiff speculates that it may incur some loss as a result of the escheatment because Askan may owe taxes related to the escheatment.  Defendants take no position with respect to Plaintiff's potential tax liability, if any.  If Plaintiff believes that no taxes are owed, Plaintiff is free to advocate that position to the appropriate authority; OFAC has no purview over tax matters.

10.     The most direct and efficient mechanism for Plaintiff to obtain its funds is to pursue its administrative claim with NYS by providing the additional information sought by the state, and OFAC has already authorized the transfer from NYS to Plaintiff as described above. Defendant stands ready to provide additional information if needed to accomplish the transfer, but as set forth in the previous status report, the other information Plaintiff sought from

4

Defendant about the circumstances of the escheatment is wholly irrelevant to the claims before

the Court, namely OFAC's decision not to license the formerly blocked funds, which has been

mooted by OFAC's subsequent licensing actions.

## PLAINTIFF'S POSITION

11.     Askan is deeply concerned that the surprising turn of events on August 27, 2020 –

the unanticipated revelation that the Deutsche Bank account that held Askan Holdings funds had

been emptied out and the money turned over to New York State – still have not been adequately

addressed.  The questions Askan raised in the September 1, 2020 status report (ECF No. 27)

have still not been fully answered, and new obstacles have arisen to ensuring that all of Askan's

funds are returned to it.

12.     In particular, on September 8, 2020, the State of New York sent an email

purporting to require, among other things, that Askan (a) agree to reimburse the State of New

York for any other claims New York receives for Askan's money; and (b) complete IRS Form

W8-BEN-E.

13.     But IRS Form W8-BEN-E exists for withholding up to 30% of any income that a

foreign individual or entity derives from United States sources.  *See* IRS Instructions for Form

W8-BEN-E (Rev. July 2017) at 1 (Purpose of Form).  Askan entrusted its down payment to a

Swiss law firm (Froriep) acting as an escrow agent, which then deposited the funds in a Credit

Suisse bank account in Switzerland.  The funds ended up in a frozen Deutsche Bank account in

New York only when the transaction to return Askan's down payment was blocked.  Askan

never derived these funds from U.S. sources.

14.     As the title of New York's statute ("Abandoned Property Law") suggests, New

York's escheatment laws are applicable only to *abandoned* property.  *See* NY Aband Prop L §

300(1)(a)(New York escheatment law applies only to bank accounts that have unclaimed for

three years).  But Askan never abandoned its down payment.  In fact, Askan applied in October

2019 for a license from OFAC to release the down payment to Askan, less than two months

before the funds escheated to New York sometime in November 2019.  Yet it appears that

neither OFAC nor Deutsche Bank ever informed New York State that the property was not

abandoned, and permitted New York to seize Askan's property without Askan's knowledge or

permission.

15.     On September 10, 2020, to avoid having up to 30% of its property taken from it to

pay inapplicable U.S. income taxes, Askan requested OFAC to enforce its original license to

New York State (which, according to OFAC, applies only "where escheatment was required by

NYS law") and order New York to return the funds to Deutsche Bank.  OFAC could have

achieved the same result by revoking its license to New York, at least as that license applies to

Askan, and requiring New York to return the funds to Deutsche Bank.  Once the funds are

returned to Deutsche Bank, the license that OFAC issued on August 17, 2020 would apply and

Deutsche Bank would be required to return Askan's down payment in accordance with the

escrow instructions that Froriep issued before the transaction was blocked.

16.     The government did not respond to Askan's request until September 14, 2020,

when it denied the request the day before this joint status report was due.  Askan is now left to

determine whether there is any other means by which it can recover its entire down payment and

avoid any future claims for indemnification from the State of New York.

17.     The events of the last two weeks have revealed a significant risk, of which the

parties were unaware when they filed the September 1, 2020 joint status report, that Askan will

lose a substantial percentage of its down payment.  This risk exists only because OFAC granted

the State of New York a broad, vague license to escheat bank accounts in New York that are blocked under OFAC regulations.

18.    Askan therefore renews its request in the September 1, 2020, joint status report that this Court direct OFAC to file a statement within ten days (by September 25, 2020) answering the questions Askan raised in the September 1, 2020, joint status report.  Askan further renews its request that this Court direct the parties to file a joint status report within ten days thereafter (by October 5, 2020) concerning further steps to be taken in this case.


Dated:  September 15, 2020                                Respectfully submitted,


_____*/s/* Teresa Taylor_____                   ETHAN P. DAVIS
Teresa Taylor (DC Bar No. 484655)                       Acting Assistant Attorney General
Joseph G. Cosby (DC Bar No. 29677)                      DIANE KELLEHER
Ira E. Hoffman (DC Bar No. 389132)                      Assistant Director, Federal Programs Branch
BUTZEL LONG, P.C.
1909 K Street, N.W., Suite 500                          _____/s/Amy E. Powell_____
Washington, DC  20006                                   Amy E. Powell
Tel:  (202) 454-2800                                    Civil Division, Department of Justice
Fax: (202) 454-2805                                     c/o U.S. Attorney's Office
taylortn@butzel.com                                     150 Fayetteville St., Suite 2100
cosby@butzel.com                                        Raleigh, NC 2760
                                                        Phone: 919-856-4013
                                                        Email: amy.powell@usdoj.gov

*Counsel to Askan Holdings, Ltd.*
                                                        *Counsel to Defendants*