## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ASKAN HOLDINGS, LTD.,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| v. | ) | **Civil Case No. 20-1458 (RJL)** |
| | ) | |
| **UNITED STATES DEPARTMENT OF** | ) | |
| **THE TREASURY, OFFICE OF** | ) | |
| **FOREIGN ASSETS CONTROL, et al.** | ) | |
| | ) | |
| **Defendants.** | | |

## MEMORANDUM OPINION
September **23** 2021 [Dkt. # 36]

Plaintiff Askan Holdings, Ltd. ("Askan") is challenging a decision by the United

States Department of the Treasury, Office of Foreign Assets Control and several officials

(collectively, "OFAC") to block the release of funds transferred through an American bank.

OFAC moves to dismiss Askan's complaint for mootness. For the following reasons,

OFAC's motion will be GRANTED.

### BACKGROUND

This case began with an agreement to purchase an airplane. Askan—seeking to

purchase a used Airbus A320 from a third party—submitted a $923,000 down payment to

Froriep, a Swiss law firm based in Geneva acting as an escrow agent for the transaction.

*See* First Amended Complaint for Declaratory and Injunctive Relief ("Am. Compl.") [Dkt.

# 31] ¶¶ 1, 18, 19.[1]  However, the deal fell through, and Froriep attempted to return the $923,000 down payment.  *Id.* ¶ 20.

Unfortunately, the funds never reached Askan.  During the transfer, the funds flowed through an American bank:  Deutsche Bank Trust Company Americas ("Deutsche Bank Americas").  *See id.* ¶¶ 20–22.  OFAC prohibited Deutsche Bank Americas from releasing the down payment, pursuant to a set of federal rules known as the Global Terrorism Sanctions Regulations ("GTSR").  *Id.*  Under the GTSR, OFAC is authorized to block the transfer of property owned by individuals who pose a national security risk—a class of people the regulations refer to as specially designated global terrorists ("SDGT").  *See* 31 C.F.R. §§ 594.201(a), 594.301, 594.310.  OFAC blocked the transfer after determining that an SDGT had an interest in the transaction.  Am. Compl. ¶¶ 9, 23.

After months of fruitless attempts to secure the return of its funds, Askan filed this suit on June 2, 2020, alleging violations of the Administrative Procedure Act ("APA) and the Fifth Amendment.  *Id.* ¶¶ 23–31; *accord* Complaint for Declaratory and Injunctive Relief, Relief in the Nature of Mandamus and Other Appropriate Relief [Dkt. # 1].

Askan's suit prompted a response from the agency.  OFAC initially denied the license application.  Am. Compl. ¶ 30.  But two months later, it reversed course and issued a license authorizing Deutsche Bank Americas to release the funds.  *Id.* ¶ 32.  However, pursuant to a now-expired license from OFAC, the blocked funds had escheated to the New

---

[1] Because I must accept Askan's factual allegations as true at the motion to dismiss stage, I recite the facts as alleged in the First Amended Complaint.  *See United States ex rel. Cimino v. Int'l Bus. Machines Corp.*, 3 F.4th 412, 416 (D.C. Cir. 2021).

York Office of the Comptroller ("State Comptroller"). *Id.* ¶¶ 32, 34, 38–39; *see also* Declaration of Andrea M. Gacki ("Gacki Decl.") [Dkt. # 36-1] at ¶ 26 n.9 (noting that this "license has not been renewed and [New York State] is not currently licensed to escheat abandoned funds"). Following these developments, Askan amended its complaint, adding the State Comptroller as a party. *See* Am. Compl. ¶¶ 5–6.

Askan's amended complaint again prompted action. On February 26, 2021, the State Comptroller promised to release the escheated funds—with interest—back to Askan, which in turn agreed to dismiss all claims against the State Comptroller. *See* Stipulation and Notice of Voluntary Dismissal Pursuant to Rule 41(a)(1)(A)(i) [Dkt. # 43]. The State Comptroller made good on its promise and on March 3, 2021 issued a check to Askan for $958,830.71. *See* Declaration of Alexandre Manfull ("Manfull Decl.") [Dkt. # 47–1] ¶ 5.

OFAC moved to dismiss on January 15, 2021 arguing, *inter alia*, that Askan's claims were moot. *See* Federal Defendants' Motion to Dismiss, or In the Alternative, to Stay Proceedings ("MTD") [Dkt. # 36]. The motion is fully briefed and ripe for review.

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(1), a plaintiff must plead facts sufficient to establish subject-matter jurisdiction. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Under this standard, I generally must "accept all of the factual allegations in the complaint as true," but I may also "consider materials outside the pleadings to determine [the Court's] jurisdiction." *Kareem v. Haspel*, 986 F.3d 859, 866 n.7 (D.C. Cir. 2021) (citations, quotations, and alterations omitted); *accord Youssef v. Embassy of United Arab Emirates*, No. 17-CV-2638 (KBJ), 2021 WL 3722742, at *2 n.3 (D.D.C. Aug. 23,

2021) (Jackson, J.) (considering exhibits to a motion to dismiss for purposes of ascertaining facts relevant to whether Court had jurisdiction).

## DISCUSSION

"Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies." *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983) (per curiam) (citing *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974)). A case "becomes moot if intervening events make it impossible for [the Court] to grant 'effectual relief' to the prevailing party." *Planned Parenthood of Wisconsin, Inc. v. Azar*, 942 F.3d 512, 516 (D.C. Cir. 2019) (citations and quotations omitted). This situation occurs "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Mittleman v. Postal Regul. Comm'n*, 757 F.3d 300, 303 (D.C. Cir. 2014) (citation and quotation omitted). Because "a plaintiff must establish jurisdiction for each claim," *Triple Up Ltd. v. Youku Tudou Inc.*, No. 17-7033, 2018 WL 4440459, at *1 (D.C. Cir. July 17, 2018) (per curiam) (citations and quotations omitted), I will assess each of Askan's claims for mootness. *See Louie v. Dickson*, 964 F.3d 50, 54 (D.C. Cir. 2020) ("proceed[ing] claim by claim" because mootness "applies to each form of relief requested").

### A.    Count One – FOIA Caim

In Count One, Askan argues that OFAC violated the Freedom of Information Act ("FOIA") by not publishing its general license authorizing escheatment of blocked funds to the State Comptroller ("Comptroller License"). *See* Am. Compl. ¶¶ 41–45. Askan seeks three remedies for this violation: (1) "declaratory relief stating that OFAC has violated 5

4

U.S.C. § 552(a)," (2) "injunctive relief . . . revoking the Comptroller License as it applies to Askan," and (3) "injunctive relief . . . ordering the Comptroller to return the funds to Deutsche Bank Americas without requiring further documentation or forms from Askan, and other appropriate relief." *Id.* ¶ 47.   Because none of these requests present a live controversy, this claim is moot.

The requests for injunctive relief are moot because OFAC has already afforded Askan all the injunctive relief it has requested.   With regard to Askan's request for OFAC to revoke the Comptroller License, the license is no longer in effect and indeed New York State "is not currently licensed to escheat abandoned funds." Gacki Decl. at ¶ 26 n.9.   As to the request for an order requiring the State Comptroller to return its funds, OFAC has issued such an order, and the State Comptroller has returned the funds. *See* Manfull Decl. ¶¶ 4–5.   Because Askan has "received all the relief [it] sought," the claims for injunctive relief are "moot and must be dismissed."[2] *Mittleman*, 757 F.3d at 303 (citations omitted); *accord Louie*, 946 F.3d at 55 (citation omitted) (suit seeking agency action was moot where agency took requested action); *Conservation Force, Inc. v. Jewell*, 733 F.3d 1200, 1204 (D.C. Cir. 2013) (same); *Bundy v. Sessions*, No. 18-5002, 2018 WL 4147462, at *1 (D.C. Cir. July 23, 2018) (same).

Askan's request for declaratory relief is likewise moot.   The Comptroller License is no longer in effect, and thus declaring unlawful OFAC's failure to publish it would not

---

[2] Askan seeks this same injunctive relief in Counts Two, Four, and Five. *See* Am. Compl. ¶¶ 56, 67, 72.   These identical requests are moot for the same reason.

affect the parties' rights.[3] *See, e.g., Friends of Animals v. Bernhardt*, 961 F.3d 1197, 1203

(D.C. Cir. 2020) ("[T]he government's abandonment of a challenged regulation is just the

sort of development that can moot an issue."); *Planned Parenthood of Wisconsin*, 942 F.3d

at 516 ("[B]ecause the 2018 [policy] is now inoperative, a declaration that it was unlawful

would amount to nothing more than an advisory opinion."); *Initiative & Referendum Inst.

v. U.S. Postal Serv.*, 685 F.3d 1066, 1074 (D.C. Cir. 2012) (similar); *Larsen v. U.S. Navy*,

525 F.3d 1, 4 (D.C. Cir. 2008) (similar); *Fund for Animals, Inc. v. U.S. Bureau of Land

Mgmt.*, 460 F.3d 13, 18 (D.C. Cir. 2006) (similar).

### B.    Count Two – Unreasonable Delay

Askan argues that OFAC's delay in processing its license request violated the APA.

*See* Am. Compl. ¶¶ 49–56.  It requests "declaratory relief stating that OFAC has violated

5 U.S.C. § 555(e) and 706(1) and other appropriate relief." *Id.* ¶ 56.  This claim is moot

because OFAC has taken the action—issuing the license—that Askan alleges was

unreasonably delayed. *See, e.g., Conservation Force*, 733 F.3d at 1205 (holding that

---

[3] Askan contends that "[t]his claim is still live as Askan has been harmed by the lack of publication."  Plaintiff's Supplemented Opposition to Federal Defendants' Motion to Dismiss, or In the Alternative, to Stay Proceedings ("Supp. Opp.") [Dkt. # 54] at 16. Specifically, Askan argues that upon receipt of the blocked funds, it has to (1) pay unspecified taxes on the funds, and (2) indemnify the State Comptroller. *Id.* at 16–17. However, Askan fails to explain—and I fail to see—how these alleged harms would be remedied by (1) the revocation of a policy that is no longer in effect, (2) a declaration that the former policy was unlawful, or (3) an order to release funds that have already been released.  Because granting Askan's requested relief would "neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future," this claim "has become moot." *Louie*, 964 F.3d at 55–56 (citations and quotations omitted). This deficiency likewise defeats Article III standing because "a favorable judicial decision will not redress [Askan's] alleged injuries." *Env't Def. Fund v. Fed. Energy Regul. Comm'n*, 2 F.4th 953, 969 (D.C. Cir. 2021).

plaintiffs' "unreasonable delay claims [we]re moot" "because the [agency] has now acted"); *accord In re Int'l Union, United Mine Workers of Am.*, 231 F.3d 51, 54 (D.C. Cir. 2000) (same).

Askan argues that the voluntary cessation exception applies to this claim because OFAC (1) "voluntarily ended the unreasonable delay in issuing a license to Askan," and (2) "cannot demonstrate that there is no reasonable expectation that the violation will recur and interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." Plaintiff's Supplemented Opposition to Federal Defendants' Motion to Dismiss, or In the Alternative, to Stay Proceedings ("Supp. Opp.") [Dkt. # 54] at 17 (citation and quotation omitted). I disagree. OFAC issued the license ordering the State Comptroller to return Askan's blocked funds, and the State Comptroller has complied. Because the funds have been released and the transaction was canceled, Am. Compl. ¶ 20, it would not be possible for OFAC to again block the funds at issue in this case.[4]

Askan's reference to the possibility of *different* funds being blocked in *future* transactions does not change the result.[5] Rather, voluntary cessation asks whether "*the*

---

[4] Even if it could, OFAC has represented that it "does not intend to take any further steps that would prevent the funds from being returned to Askan." Gacki Decl. ¶ 30. Where the agency has "assured the court" that it will not repeat the violation—and particularly where that assurance accords with the evidence and common sense—"[t]he Agency's voluntary cessation . . . renders the dispute moot." *Porup v. Cent. Intel. Agency*, 997 F.3d 1224, 1233 (D.C. Cir. 2021); *accord Cierco v. Mnuchin*, 857 F.3d 407, 415 (D.C. Cir. 2017); *Lopez v. Postal Regul. Comm'n*, 709 F. App'x 13, 15 (D.C. Cir. 2017).

[5] In particular, Askan argues that there is evidence that the violation will resume because Askan "will continue to engage in international commerce" and OFAC regularly authorizes the blocking and escheatment of funds. *See* Supp. Opp. at 17 (noting that "OFAC has granted licenses to the Comptroller for escheatment 4,219 times in the last five years.").

*challenged conduct* cannot reasonably be expected to start up again." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (emphasis added).  Here, the challenged conduct cannot recur, and Askan's speculation that it may be subjected to blocking in different transactions "at some point in the future" is distinct "from the claims that precipitated this lawsuit."[6] *Mejia-Mejia v. U.S. Immigr. & Customs Enf't*, No. CV 18-1445, 2019 WL 4707150, at *8 (D.D.C. Sept. 26, 2019) (Friedman, J.).

## C.    Counts Three and Four – Due Process

Askan argues that OFAC violated the Fifth Amendment's guarantee of due process by (1) "never identif[ying] the alleged SDGT that gave OFAC the authority under 31 C.F.R. § 594.201 to block Askan's property in the United States," and (2) not "provid[ing] Askan with any notice when Deutsche Bank Americas transferred Askan's down payment

---

[6] Of course, a plaintiff's challenge to "a specific agency action" that has since been undone may not be mooted if the plaintiff "can show that the legal wrong allegedly inflicted by the agency is capable of repetition yet evading review." *Del Monte Fresh Produce Co. v. United States*, 570 F.3d 316, 325 (D.C. Cir. 2009).  But unlike voluntary cessation—which places a "heavy burden" on the voluntarily-ceasing party, *Zukerman v. United States Postal Serv.*, 961 F.3d 431, 436 (D.C. Cir. 2020)—"the party invoking the [capable of repetition but evading review] exception bears the burden" of establishing this exception's application, *J. T. v. D.C.*, 983 F.3d 516, 523 (D.C. Cir. 2020).  Askan's evidence fails to meet this burden.  On recurrence, Askan's data showing instances of escheatment to the State Comptroller fails to grapple with the fact that the Escheatment License "has not been renewed and [New York State] is not currently licensed to escheat abandoned funds." Gacki Decl. at ¶ 26 n.9.  On evasion of review, Askan does not explain why it would be foreclosed from seeking judicial relief if OFAC were to engage in this conduct again.  *See People for Ethical Treatment of Animals, Inc. v. Gittens*, 396 F.3d 416, 424–25 (D.C. Cir. 2005) (declining to apply exception where court was "unconvinced that if a controversy of this sort occurred again it would evade judicial review").  Indeed, decisions reviewing OFAC's blocking decisions show that such relief is not foreclosed.  *See, e.g., Zarmach Oil Servs., Inc. v. U.S. Dep't of the Treasury*, 750 F. Supp. 2d 150 (D.D.C. 2010) (Huvelle, J.) (reviewing on the merits APA and constitutional challenges to "OFAC's denial of a specific license to release funds [it] blocked").

to the [State] Comptroller in November 2019." Am. Compl. ¶¶ 60, 65. As relief it requests (1) "an injunction ordering OFAC to identify the alleged SDGT that justified OFAC's previous decisions to deny a license to Askan," and (2) "declaratory relief stating that the defendants have violated Askan's rights under the Due Process Clauses of the Fifth and Fourteenth Amendments." *Id.* ¶¶ 62, 67.

These claims are moot. Asserting a due process claim to challenge expired agency action is "quintessential mootness" where the Court's "decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future." *Anderson v. Carter*, 802 F.3d 4, 10 (D.C. Cir. 2015). Here, Askan seeks additional process for a past deprivation that has already been remedied, and thus granting this relief will have no effect on Askan's rights.[7] *See Conservation Force*, 733 F.3d at 1205 (where "deprivation that [agency conduct] generated has . . . necessarily ceased," the "due process claims are moot"); *accord Akiachak Native Cmty. v. United States Dep't of*

---

[7] Askan contends that it "still does not know how to arrange its affairs going forward to be able to comply with U.S. laws and regulations in the future," thus warranting its requested relief. Supp. Opp. at 19. However, even accepting Askan's argument that due process requires OFAC to disclose the SDGT, *id.* at 18, there is no longer any property deprivation that would trigger the process due. *See NB ex rel. Peacock v. D.C.*, 794 F.3d 31, 41 (D.C. Cir. 2015) ("Only after finding the deprivation of a protected interest do we look to see if the government's actions comport with due process." (citations, quotations, and alterations omitted)). Thus, Askan's regulatory compliance issues—untethered from the ongoing deprivation of a property interest—are insufficient to defeat mootness.

Askan also argues that OFAC's due process violations on "prior occasions and the danger of repeated future violations means that this claim is not moot." Supp. Opp. at 19. Askan does not specify whether it is invoking the voluntary cessation exception or the capable of repetition yet evading review exception. Either way, the facts fall far short of establishing either exception for the reasons already explained in the Count Two analysis.

*Interior*, 827 F.3d 100, 106 (D.C. Cir. 2016) (citations omitted) ("Because that regulation no longer exists, we can do nothing to affect [plaintiff]'s rights relative to it, thus making this case classically moot for lack of a live controversy.").

### D.     Count Five – Section 1983

Askan argues that OFAC "depriv[ed] Askan of its rights under federal law" and seeks "declaratory relief stating that the defendants have violated 42 U.S.C. § 1983[.]" *Id.* ¶¶ 69, 72.  This claim seeks a declaration of illegality for a Government action that has already been undone.  As with Askan's other claims, granting such relief would have no impact on the parties' rights now, or in the future, and is therefore moot.[8] *See, e.g., Larsen*, 525 F.3d at 4.

## CONCLUSION

Because this Court lacks subject-matter jurisdiction over each of Askan's claims, I "must dismiss the action." Fed. R. Civ. P. 12(h)(3).  Thus, the Government's motion to dismiss is **GRANTED**. A separate Order consistent with this decision accompanies this Memorandum Opinion.



RICHARD J. LEON
United States District Judge

---

[8] Askan attempts to rescue this claim by framing it as "seek[ing] damages," Supp. Opp. at 23, but the First Amended Complaint makes no such request. *See* Am. Comp. ¶¶ 68–72 & Prayer For Relief.